## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANNY AMEN ANDERSON     :
VALENTINE SHABAZZ,       :
     Plaintiff,          :
                           :
     v.                :      CIVIL ACTION NO. 23-CV-1757
                           :
ELIZABETH MATTHEWS, *et al.*,  :
     Defendants.        :

## <u>MEMORANDUM</u>

Plaintiff Danny Amen Anderson Valentine Shabazz brings this *pro se* civil action alleging that he is owed royalties for copyrighted work.  Shabazz has moved to proceed *in forma pauperis*.  For the following reasons, the Court will grant Shabazz leave to proceed *in forma pauperis* and will dismiss the Amended Complaint[1] without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  Shabazz will be granted leave to file a second amended complaint as set forth *infra*.

## I.    FACTUAL BACKGROUND

In his Amended Complaint, Shabazz names as Defendants Elizabeth Matthews, Lucian Grainge, "ASCAP American Society of Composers and Authors," Pierre Thomas, Gennifer

---

[1] Shabazz commenced this action by submitting a document titled "Petition" that was docketed as his initial Complaint.  (ECF No. 1).  Because he did not pay the necessary filing fees or file an application to proceed *in forma pauperis*, he was ordered to do so.  (ECF No. 3).  In response, Shabazz filed an application to proceed *in forma pauperis*, as well as another document titled "Petition."  (ECF Nos. 4, 5).  The Court construes the second Petition (ECF No. 5), which is substantially similar to the initial Petition (ECF No. 1), to be an Amended Complaint.

An amended complaint, once submitted to the Court, serves as the governing pleading in the case and supersedes the original complaint.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity."); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").  Consequently, the Amended Complaint is the governing pleading in this case.

Gardner, Brian Jones, Ariana Fletcher, Po Johnson, Kevin Coach K Lee, Quavious Marshal, Robert Diggs, Robert Bakish, Kelan Watson, Vincent Watson, Robert Iger, "Walt Disney (Hulu)," and Clifford Tip Harris.  The named individual Defendants appear to be music, television, and media personalities, as well as business executives.  ASCAP is a performing rights organization with a membership comprised of songwriters, composers, and music publishers.  *See* https://www.ascap.com/about-us (last visited June 9, 2023).  ASCAP licenses songs and scores to businesses that play them publicly, then sends payment to ASCAP members as royalties.  *Id.*

Shabazz's Amended Complaint is disjointed and fantastical, contains numerous allegations regarding non-party individuals, and fails to set forth allegations regarding many of the named Defendants.  Specifically, Shabazz claims that he has been a member of ASCAP for over twenty years, but has "never received his full royalties due to faulty lawyers and contracts," and because he "lacked understanding of basic copyright law."  Shabazz further avers, however, that "over the last three years" he enrolled at Harvard and "learned copyright law, insider threat development from the Secret Service and his actual net worth after the election of Joseph Biden who Danny wrote into office."  Shabazz contends that "since the copyrights started to come in, ASCAP dialogues turned subliminal and misleading."  He further asserts that ASCAP has not cooperated with him "on a data breach to his ASCAP works in Delaware, yet they said multiple times last year they will have the attorneys call him and assessment him with the broadcast issue."  He contends that ASCAP has a "duty to inform all parties of derivatives and pay all parties accordingly" and that his "account is constantly frozen for fraud while works with copyrights are not paid out."  Shabazz alleges that he spoke with "member services" on January 30, 2022, regarding his works "and he was spinned with useless language after he offered to

work out the details with ASCAP lawyers."  He contends that he is "still dealing with the breach and [ASCAP] has exhibited negligent behavior in favor of big name politicians and artist most notably RZA, Biden and Obama."

According to Shabazz, he is the founder of the Wu-Tang Clan, and is of "the direct lineage of Jackie Wilson, the first pop icon to work with Berry Gordy and help facilitate the start of Motown Records."  Shabazz asserts that his inheritance and estate with Jackie Wilson began in 1950 and that he "began to receive copyrights on RCA, Drake, Wu Tang An American Saga, Coca Cola the conductor with Ari Lennox and other acts, who signed a production contract."

He also contends that he "met with the Secret Service about Barack Obama and Joe Biden both who are beneficiaries of Danny's works and estate."  He contends that his "security assessment called for 24 hours a day security due to his high profile name, resume and education."

Shabazz further presents numerous allegations of harm, including as a result of the alleged actions of various non-parties and Defendants, although many of the allegations are incomprehensible.  In this vein, Shabazz alleges as follows: he has "security issues and has had multiple accidents in his home living and production quarties [sic]"; he has been "unable to pay his bills due to the fiduciary duties of ASCAP and its CEO's ties to the political and artist community"; he is "owed on works from 1950[] to 1992 with Wutang and new works from UNC and Phew which are all copyrighted"; he "is watching SACOA payout other acts under these copyrights but neglect Danny at every turn"; "Vincent Watson and Kelan Watson along with EOne has cue sheets not honored, contracts, yet [ASCAP] allows them to operate daily with multiple members music playing in their establishment"; "Gennifer Gardner of EOne and Brian Jones of EOne both violated ASCAP rules and the WGA, DGA and Harry Fox entities";

"Danny's estate is worth 57 billion domestically yet ASCAP has allowed Danny to contented [sic] to be written into these communications devices and system without proper governance"; "This is similar to what 2 Pac or Biggie was dealing with in the 90's with a lack of oversight on high profiles acts and composers"; "Danny is a tier 1 act at the level of Quincy Jones due to his family statue in the American entertainment enterprise"; "Quality control continues to operate illegally with Danny's signature on ASCAP member ID and operations"; "Snoop Dog, YouTube continue to violate copyright fraud, yet ASCAP won't pay Danny for 24 hours security and make sure his legal bills are paid"; "Danny owns about 60 percent of ASCAP catalog and is requesting the Judge put a estoppel on all ASCAPS operations until the damages cease"; "Danny has met with Superior Court Judge Eric Dunaway and he said we should pursue a case on these the [sic] behalf of my estate"; "Judge Dunaway was concerned with drafting and Danny has address his drafting with his studies at Harvard"; "AI entities listed including Walt Disney has jammed Danny's communicatiosna ndbrracosast in torder [sic] to control his estate"; "multiple deaths has happened to Danny family including Yvonne Hilton . . . and Barrett Strong who Jackie Wilson helped sign to Motown"; "Wutang An American Saga was canceled from a bank error and insider threat development"; "Sony and RCA is lying about Danny's ownership of RCA yet it listed under copyright law"; "GoDaddy has the .com equivalent to Hulu titled Wutang.com"; and "We have over 30 deaths to this production including Kobe Bryant, Terry Payne, Yvonne Hilton, Kimberly Valentine and Ronald Wilson."

## II.    STANDARD OF REVIEW

The Court will grant Shabazz leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies, requiring the Court to dismiss the Complaint if it is frivolous.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in Section 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Shabazz's Amended Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the Plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)); *see Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that a *pro se* litigant's allegations are to be construed liberally).  Conclusory allegations, however, do not suffice. *Iqbal*, 556 U.S. at 678.

5

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019). To conform to Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *See* Fed. R. Civ. P. 8(a)(2); *Garrett*, 938 F.3d at 92. The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (internal quotation and citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)).

## III.    DISCUSSION

Although Shabazz's Amended Complaint is largely indecipherable, the Court understands Shabazz to allege that he has not been paid royalties due for various allegedly copyrighted works.[2] Shabazz may not proceed on his claims, however, because his allegations do not conform to Rule 8. Having reviewed Shabazz's submission in its entirety, the Court cannot discern the factual or legal bases for his claims against the various Defendants, or what

---

[2] Shabazz references various other legal terms, including "statute of frauds," "reckless endangerment," and "breach of fiduciary duties" in his Amended Complaint; however, such passing references are not sufficient to raise any such claims. *See Campbell v. LVNV Finding, LLC*, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other." (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))); *Alexis v. Sessions*, 2018 WL 5077899, at *2 n.1 (D.N.J. Oct. 18, 2018).

relief he seeks from the Court beyond a general assertion that he is due payment for royalties. Even under a careful reading and liberal construction of the Amended Complaint, the circumstances surrounding Shabazz's allegations remain unclear.  Because the facts are alleged in an unclear and disjointed manner, the Amended Complaint fails to provide fair notice of the grounds upon which Shabazz's claims against each Defendant rest.  Additionally, many of his allegations appear to be fantastical.  As alleged, Shabazz's Amended Complaint fails to comply with Rule 8 and lacks sufficiently coherent factual allegations to state a plausible claim against any Defendant.

There are other defects in the claims Shabbaz appears to attempt to bring.  By including in the Amended Complaint the language of 18 U.S.C. § 2319, which pertains to criminal liability for copyright infringement, it appears that Shabazz intends for Defendants to be prosecuted in accordance with this provision.  But no private right of action for criminal copyright infringement exists under 18 U.S.C. § 2319.  *See Tucker v. Music Royalty Consulting, Inc.*, 2021 WL 6804248, at *5 (C.D. Cal. Oct. 26, 2021), *report and recommendation adopted*, 2021 WL 5771865 (C.D. Cal. Dec. 5, 2021) (citation omitted); *Harihar v. U.S. Bank Nat'l Ass'n*, 2017 WL 1227924, at *7 n.5 (D. Mass. Mar. 31, 2017), *aff'd*, 2018 WL 7360636 (1st Cir. Aug. 7, 2018). To the extent that Shabazz requests this Court to investigate his claims and initiate criminal prosecutions, the Court cannot provide the remedy he seeks.  *See Millhouse v. Levi*, 267 F. App'x 140, 141 (3d Cir. 2008) (*per curiam*) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citations omitted)).

Shabazz has also failed to allege a plausible claim for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*  Title 17 of the United States Code codifies the Copyright Act of 1976 and provides for the protection of copyrights.  *See* 17 U.S.C. § 102.

Copyright protection applies to "original works of authorship fixed in any tangible medium of expression," including "musical works, including any accompanying words."  17 U.S.C. § 102(a).

To state a copyright infringement claim, a plaintiff must allege: "(1) which specific original works are the subject of the copyright claim; (2) ownership of the copyrights in those works; (3) registration of the works in question with the Copyright Office in accordance with 17 U.S.C. § 101 *et seq.*; and (4) by what acts the defendant infringed the copyright." *Browne v. Zaslow*, 103 F. Supp.3d 666, 671 (E.D. Pa. 2015) (citing *Key Consol. 2000, Inc. v. Troost*, 432 F.Supp.2d 484, 488 (M.D. Pa. 2006)); *see also Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.").  "While a plaintiff need not attach the copyright as an exhibit to the complaint, he must sufficiently allege in the pleadings that a copyright exists, and the court may take judicial notice at the motion to dismiss stage of the existence or non-existence of such a copyright." *LoDuca v. Pichai*, 2022 WL 2757683, at *3 (W.D. Pa. July 14, 2022) (citing *Raucci v. Candy & Toy Factory*, 145 F. Supp.3d 440, 451 (E.D. Pa. 2015)).

Although Shabazz attached to the Amended Complaint documents that are suggestive of several copyrights, the Court cannot speculate as to Shabazz's claims based on these attachments in the absence of factual allegations setting forth the basis of his copyright claims.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles buried

in the record." (internal quotation and citation omitted)); *see also Berkery v. Credit Collection Servs.*, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet [the] pleading requirements under Rule 8(a) by attaching numerous exhibits to [the] Complaint." (emphasis omitted)).  While Shabazz broadly alleges that his copyrights were infringed, he has not sufficiently alleged that a registered copyright exists, nor does he specify the circumstances of the alleged infringement or tie such alleged infringement to any of the named Defendants.[3]

Reading the Amended Complaint as a whole and construing it in the light most favorable to Shabazz, the Court concludes that Shabazz's allegations lack a factual basis and do not support any plausible claim in accordance with Rule 8.  Therefore, the Court will dismiss the Complaint in its entirety.  *See Afzal v. N.J. Bd. of Med. Examiners*, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead sufficient factual allegations and instead relied on conclusory allegations and incoherent claims); *see also Nduka v. Williams*, 410 F. Supp.3d 719, 721-22 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices" were "wholly incredible" and warranted dismissal as factually frivolous pursuant to Section 1915(e)(2)(B)(i)).

---

[3] The Court further notes that the proper venue for a civil action relating to copyrights is "the district in which the defendant or his agent resides or may be found."  *See* 28 U.S.C. § 1400(a); *see, e.g.*, *Gen. Instrument Corp. of Del. v. Lake Sylvan Sales, Inc.*, 1993 WL 496588, at *4 (E.D. Pa. Nov. 30, 1993).  It is unclear from the Amended Complaint whether any named Defendant resides in the Eastern District of Pennsylvania.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will dismiss the Amended Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  In an abundance of caution, Shabazz will be given leave to file a second amended complaint, in the event he can correct the deficiencies noted by the Court.  An appropriate Order follows, which provides further instruction as to amendment.

**BY THE COURT:**


**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**